Argued March 8, affirmed June 6, 1978

WORRELL, *Respondent,*

*v.*

DEPARTMENT OF REVENUE, *Defendant,*

ARCHDIOCESE OF PORTLAND IN OREGON,

*Intervenor-Appellant.*

(No. 1105, SC 25320)

579 P2d 858

Eugene E. Feltz, of Casey, Palmer, Feltz & Sherry, Portland, argued the cause and filed the brief for appellant.

Daryl S. Garrettson, Deputy District Attorney, McMinnville, argued the cause for respondent. On the brief was Robert S. Willoughby, County Legal Counsel, McMinnville.

[ 531 ]

Before Denecke, Chief Justice, Howell, Bryson, Justices, and Joseph, Justice Pro Tempore.

Affirmed.

## PER CURIAM.

The sole issue is whether the intervenor, the Archdiocese of Portland, is entitled to its exemption from real property taxes on a convent and rectories in Yamhill County for one tax year.

Prior to the decision in *Archdiocese of Portland v. Dept. of Rev.,* 5 OTR 111, aff'd 266 Or 419, 513 P2d 1137 (1972), these properties were not exempt. That decision held that property used for the advancement of religion was exempt and the parties agree in this case that if a proper claim for exemption had been made the Yamhill properties would have been exempt.

In 1946 the Archdiocese made a claim for exemption for these properties. The assessor denied the exemption and the Archdiocese did not appeal. In 1972 the decision in the Archdiocese case involving Multnomah County property changed the law. The assessor continued to assess the Yamhill property involved in this case and the Archdiocese continued to pay the assessed taxes through 1975-1976. After April 1, 1976, the Archdiocese filed a claim for exemption. The assessor rejected the claim. The Department of Revenue on appeal, however, reversed and granted the exemption. The Tax Court reversed, denied the exemption and the Archdiocese appeals.

The decision in this case depends upon the construction of two statutes, ORS 307.162 and 307.163.[1] ORS

_____

[1]ORS 307.162(1):

"Before any exemption from taxation under ORS 307.127, 307.130 to 307.140, 307.150 or 307.160 is allowed for any year, the institution or organization claiming the exemption shall file with the county assessor, on or before April 1 in such year, a statement verified by the oath or affirmation of the president or other proper officer of the institution or organization, listing all real and personal property claimed to be exempt and showing the purpose for which such property is used. However:

"(1) If the ownership and use of all property included in the statement filed with the county assessor for a prior year remained unchanged, a new statement shall not be required."

ORS 307.163:

[ 533 ]

307.163 was repealed after this proceeding was commenced. Oregon Laws 1977, ch 884, § 32. No comparable legislation was substituted.

The statutory scheme provided by these two statutes is: To obtain exemption as a charitable institution the taxpayer must file a claim for exemption on or before April 1. If the ownership and use remains unchanged, however, the taxpayer need not continue to file a claim each succeeding year. If the assessor is of the opinion that there has been an addition to the property or a change in use of the previously exempted property and the taxpayer has not filed a new claim for exemption, the assessor must notify the taxpayer of his intention to assess the property. The taxpayer can then successfully file a claim for the exemption. This is the interpretation we gave the statutes in *Skyline Assembly of God v. Dept. of Rev.,* 274 Or 259, 264, 545 P2d 879 (1976).

The Archdiocese argues that under ORS 307.162(1), when a taxpayer files a claim for exemption in one year, it need not file in succeeding years when the use remains the same and that the claim for exemption it filed in 1946 is thereby sufficient. It also contends that the assessor could not make the assessment because he did not send the Archdiocese notice of his intention to assess as required by ORS 307.163.

We conclude the decision of the Tax Court is in accord with our decision in *Skyline Assembly of God v.*

---

"In the case of property that otherwise would be exempt under ORS 307.130 to 307.140, 307.150 or 307.160, if property taxes are to be assessed on account of the failure of the legal or equitable owner to file the statement required by ORS 307.162, the county assessor first shall notify, by registered or certified mail, the institution or organization owning or purchasing the property of his intention to assess the property for taxation. If the institution or organization files the statement required by ORS 307.162, accompanied by a late filing fee of $10, not later than the 10th day after such notice has been sent to it, according to the records of the county assessor, the property taxes shall be abated. Late filing fees shall be deposited in the general fund of the county for general governmental purposes."

*Dept. of Rev., supra* (274 Or 259), and we adopt the holding of the Tax Court:

"* * * This court now holds that the assessor must notify the owner of property which would otherwise be exempt under ORS 307.130 to 307.140, 307.150, or 307.160 of his intent to assess property taxes against such property only when (1) the property was treated as exempt in the immediately preceding year and (2) the assessor contemplates assessment of the property in the current year because of a change of ownership or use of that property for which no application for exemption has been made."

Affirmed.