IN THE TAX COURT OF THE
STATE OF OREGON

TAFT CHURCH OF EVANGELICAL CHURCH
OF NORTH AMERICA

*v.*

DEPARTMENT OF REVENUE

(TC 3997)

Gregory S. Ernst, Lincoln City, represented plaintiff (taxpayer).

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered January 28, 1997.

## CARL N. BYERS, Judge.

As may be discerned from the facts, there is some uncertainty, if not confusion, surrounding the assessment and taxation of property which taxpayer claims is exempt.

Taxpayer is a long-established church which has, for over 50 years, owned property exempt from property taxation. Taxpayer owns 1.747 acres of land improved with a church, a parsonage, and parking lot. From 1963 to 1983 only the parsonage and the .23 acres upon which it was situated were taxable. Taxpayer alleges that in 1983, the assessor added 1.42 acres of previously exempt property to the tax rolls, resulting in a total of 1.65 acres on the tax rolls. The assessor did not give taxpayer notice of this action and taxpayer did not become aware of it until 1994. In 1995, the assessor added another .10 acre to the tax roll, again without giving taxpayer notice. Taxpayer alleges that this raised the total taxable acreage to 1.75 acres for the 1995-96 tax year and is more than taxpayer owns. Taxpayer claims there has been no change in the use or ownership of the property during the years in question, so the property was and should have remained exempt.

Taxpayer alleges that when it discovered that most of its exempt property had been placed on the tax roll, it "attempted" to bring this matter to the attention of the assessor and the assessor referred taxpayer to the board of equalization. Taxpayer claims that it appealed to the Lincoln County Board of Equalization "at the insistence of the Lincoln county assessor." If this is true, the assessor misinformed taxpayer because, as taxpayer later found out, the Board of Equalization does not have jurisdiction over exemption questions.

Trying to protect itself, on March 7, 1995, taxpayer also filed a new application for exemption. The assessor granted the exemption as to .63 acres of land and the church

for the 1995-96 tax year, but denied exemption for the parsonage and 1.12 acres of land. The assessor also refused relief for any tax years prior to 1995-96.

On March 28, 1995, after receiving the Board of Equalization decision, taxpayer wrote a letter to the assessor concerning the status of the property. By letter dated April 18, 1995, the assessor advised the taxpayer to appeal to the department. Taxpayer appealed to the department on July 10, 1995.

The department dismissed taxpayer's petition with regard to the 1983-84 through 1992-93 tax years on the ground that taxpayer's appeal was not timely. Also, the department found it had no jurisdiction because those years were beyond its supervisory authority. The department denied taxpayer's petition for the 1993-94 and 1994-95 tax years because taxpayer did not appeal timely or show good and sufficient cause for failing to do so.

■■ Taxpayer's primary argument is that the assessor's failure to give notice of intent to place taxpayer's exempt property on the tax roll tolls the statute of limitations on appeals. However, the statutes on which taxpayer relies, ORS 311.205 to ORS 311.211,[1] only apply if property is added after the tax roll has been certified by the assessor. *See Freightliner Corp. v. Dept. of Rev.*, 5 OTR 270 (1973). Here, the assessor added the property to the tax roll prospectively. The only written notice required to be given the taxpayer of such action is the usual tax statement issued in October of every year. The law presumes taxpayers carefully read their tax statements and will appeal from any action of the assessor which is not correct.

■ Taxpayer argues that this is not a dispute about procedures. Taxpayer asserts that its property has been exempt for over 50 years and the issue is whether it continues to be exempt, not whether taxpayer timely appealed. Taxpayer errs in this respect. If an assessor places exempt property on the tax roll, then the owner is obligated to appeal from that

---

[1] All references to the Oregon Revised Statutes are to 1993.

action within the time period allowed. If the owner fails to timely appeal, then the property will be subjected to taxation. Where the owner is late in filing an appeal, as here, it becomes a procedural issue. The department dismissed taxpayer's administrative appeal on procedural grounds and therefore the issue before this court is procedural.

Taxpayer also contends that the assessor's failure to give notice leaves open the appeal period. Taxpayer cites *Skyline Assembly of God v. Dept. of Rev.*, 274 Or 259, 545 P2d 879 (1976) and *Worrell v. Dept. of Rev.*, 282 Or 531, 579 P2d 858 (1978). Neither of those cases address the issue raised by taxpayer's appeal. Further, both cases rely on ORS 307.163, which was repealed by the 1977 Oregon Legislature. Or Laws 1977, ch 884, § 32.

■ The department found that taxpayer did not have good and sufficient reason for failing to timely appeal from the assessor's actions. The taxpayer contends that the assessor advised and even insisted that the taxpayer appeal to the board of equalization. As mentioned above, if the taxpayer's contention is true, then the assessor furnished misinformation which the taxpayer relied on to its detriment. This would constitute good and sufficient cause under OAR 150-306.115(3)(a)(B). However, taxpayer's representative did not make this contention before the department. To the contrary, taxpayer's representative expressed a view of the law which was not correct. The court cannot find that the department reached a conclusion that was clearly wrong where taxpayer failed to provide the requisite evidence.

■ This situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the *government* to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit.

If the assessor does not give the notice or perform any other act required by statute, then the time limits on

appeals under ORS 305.280(1) control. Taxpayer did not establish good reason for its failure to appeal within that appeal period; therefore, the department correctly denied taxpayer's appeal. Now, therefore,

IT IS ORDERED that the department's Motion for Summary Judgment is granted. Costs to neither party.