DECISION
Plaintiff appeals the real market value of its property identified as Accounts 109923, 109919, 109921 and 109917, for tax year 2007-08. Defendant Umatilla County Assessor's (Defendant) Answer requested that the court dismiss Plaintiff's appeal.[1]
A case management conference was held February 21, 2008. Michael Carpenter (Carpenter) appeared on behalf of Plaintiff. Shirley Winburn, Assessment Manger of Umatilla County Assessment Taxation appeared on behalf of Defendant, Umatilla County Assessor. After discussing the issues and Defendant's request to dismiss, Plaintiff asked for time to respond in writing to Defendant's request to dismiss. Plaintiff's written response was filed March 5, 2008. Defendant's reply was filed March 7, 2008. This matter is now ready for decision.
 I. STATEMENT OF FACTS
In July 2007, the ownership of the above-named commercial business was transferred to Randall Grudzinski and Carpenter. At some date prior to October 2007, Carpenter received and *Page 2 
completed "a questionnaire for `Confirmation of Commercial Property Sale.'" (Ptf's Ltr at 1, Mar 2, 2008.) Carpenter wrote that he received "notice of change in assessed value" from Defendant. (Id.) Paul Chalmers, Director, Umatilla Department of Assessment Taxation, wrote that the county does not "send any other value notification other than the tax bill." (Def's Ltr, Mar 7, 2008.) Carpenter wrote that he contacted Defendant's representative, Steve Churchill (Churchill), who advised Carpenter "to wait until the actual tax bills were sent to challenge the valuation." (Ptf's Ltr at 1, Mar 2, 2008.) Chalmers wrote that "`Steve Churchill' is an employee that works with the clerks office and has been assigned as BOPTA clerk." (Def's Ltr, Mar 7, 2008.)
Carpenter states that Plaintiff "did not make a timely appeal of the 2007/2008 tax bill and we take full responsibility for not doing so." (Ptf's Ltr at 2, Mar 2, 2008.) He wrote that "[t]he County also did not do their job to investigate why the value they are taxing was not in-line or even close to the true `Market Value' of the property." (Id.) Carpenter wrote that he does "not believe it fair that all the responsibility be the burden of the taxpayer and none for the County. Mr. Churchill could have followed up or given the information to whom ever would be responsible to see that property is fairly taxed." (Id.) Carpenter concludes that the "true `Market Value' of the property" is the purchase price (excluding equipment) of $661,000 and not the "County Real Market Value" of $904,990. Chalmers wrote that because Carpenter told him "that the property in question was sold more behind the scenes than open market," the county would need to "first determine if this sale would be qualified as a good sale and/or used in the study." (Def's Ltr, Mar 7, 2008.) *Page 3 
Defendant asks that the court dismiss Plaintiff's appeal because Plaintiff did not file an appeal with the board of property tax appeals (BOPTA) and "[t]here was no good and sufficient cause stated in [Plaintiff's] complaint." (Def's Answer, filed Feb 8, 2008.) Plaintiff requests that the court "consider re-taxing the property for the 2007/2008." (Ptf's Ltr at 2, Mar 2, 2008.)
 II. ANALYSIS
The Oregon Legislature developed an appeals procedure for taxpayers to follow when challenging the values assigned to their property.Marsee v. Clackamas County Assessor, TC-MD No 050041D, WL 1089833 at *1 (Mar 24, 2005). Generally, the first step in the appeals process is to appeal the county's assessment to BOPTA by December 31 of the current tax year. See ORS 309.100(2).[2] A taxpayer may not appeal to this court without first appealing to BOPTA unless a statutory exception applies. See Dept. of Rev. v. Oral and Maxillofacial Surgeons,15 OTR 284, 287-88 (2001) (explaining the statutory exceptions); ORS305.275(3). Such an exception is found in ORS 305.288.[3] That statute provides that the Tax Court:
 "may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year * * * if * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." *Page 4 
ORS 305.288(3). Having failed to appeal to BOPTA by the December 31 deadline, Plaintiff has no statutory right of appeal remaining. The court now turns to the issue of good and sufficient cause.
Good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B). Carpenter states that he takes "full responsibility for not" filing a timely appeal. (Ptf's Ltr at 2.) Given Carpenter's statement, Plaintiff lacks good and sufficient cause for failing to file a timely appeal.
Plaintiff asks that Defendant bear some of the responsibility for failing to change the tax roll after being contacted by its representative, Carpenter. In general, Defendant may not make changes to the tax roll after September 25. ORS 308.242. After the tax roll is certified and on or before December 31, Defendant "may make changes in valuation judgment that result in a reduction in the value of property, if so requested by the taxpayer or upon the assessor's own initiative." ORS 308.242(2) (emphasis added). Even though Defendant "may make changes," Defendant is not required to do so. Id. In this case, Defendant did not make any changes. Plaintiff alleges that Defendant should have made a change because its purchase price is evidence that the real market value of the subject property was less the real market value on the tax roll. The issue of whether Plaintiff's purchase price was an arm's length transaction was challenged by Defendant, and apparently there were no subsequent conversations between them to discuss the issue prior to December 31.
The court previously stated that "the property tax system requires thegovernment to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness." Taft Church v. Dept. of Rev.,14 OTR 119, 122 (1997) (emphasis in original). The court further stated *Page 5 
that there are "time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit." Id. The court's prior holdings are applicable to the facts of this case. Unfortunately, Plaintiff failed to carry out its responsibility to audit Defendant's determination of real market value until it was too late to file an appeal within the "time limits." Id.
 III. CONCLUSION
Plaintiff did not prove that it had good and sufficient cause for failing to appeal to BOPTA by the December 31 deadline and, therefore, the court does not have jurisdiction to hear Plaintiff's appeal under ORS 305.288(3). Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request to dismiss be granted.
Dated this ____ day of May 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailingto: 1163 State Street,Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on May8, 2008. The Court filed and entered this document on May 8, 2008.
[1] Defendant Department of Revenue (Department) filed an Answer on February 6, 2008, stating that Umatilla County Assessor would defend its actions and did not participate in the trial.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] ORS 305.288(1) provides another exception:
"(1) The tax court shall order a change * * * applicable to a separate assessment of property to the assessment and tax roll for the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change * * * is applicable, the property was * * * used primarily as a dwelling* * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
Because the property is is not "used * * * primarily as a dwelling," this exception is not applicable. Id. *Page 1