146          January 31, 2013          No. 20

IN THE OREGON TAX COURT
REGULAR DIVISION

Nancy A. MYSLONY,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5139)

Plaintiff (taxpayer) appealed from a Magistrate Division decision that dismissed her appeal on the ground that an alleged error regarding taxpayer's property occurred in a tax year that was statutorily closed to correction. Defendant (the department) moved to dismiss the Regular Division appeal on the ground that Plaintiff's complaint did not articulate a claim over which the court had jurisdiction to grant requested relief. Granting the department's motion, the court ruled that any alleged error had occurred at a point so distant from the action taken by taxpayer to raise an objection that the objections were time-barred and the court was without jurisdiction.

Hearing on Defendant's Motion to Dismiss was held by telephone on January 25, 2013.

Nancy A. Myslony, Plaintiff (taxpayer) filed a response and argued the cause *pro se*.

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant (the department).

Decision for Defendant rendered January 31, 2013.

**HENRY C. BREITHAUPT, Judge.**

This matter comes before the court on the motion of Defendant Department of Revenue (the department) to dismiss the complaint of Plaintiff (taxpayer). A telephone hearing on this matter was conducted on the record on January 25, 2013.

Taxpayer asserts that the county assessor with jurisdiction over the property (the assessor) mistakenly added property to the tax account in question in the 2005-06 tax year, apparently due to a misunderstanding as to whether the property had been improved. Exhibits to

taxpayer's complaint indicate that the assessor determined an exception value for the account, multiplied that value by the statutory ratio and increased the maximum assessed value of the account by the product. Taxpayer asserts that the maximum assessed value in the account for all years after 2005-06, including for the 2011-12 tax year in respect of which taxpayer appealed, is overstated and should be reduced. Taxpayer does not allege any error in the real market valuation for the 2011-12 year.

The actions of which taxpayer complains occurred at a point so distant from the action taken by taxpayer to raise an objection (which taxpayer did in late 2011), the objections are time-barred and the court is without jurisdiction. This case is governed by the principles discussed in *Kaufman v. Dept. of Rev.*, 20 OTR 159 (2010) and *Zervis v. Dept. of Rev.*, 20 OTR 79 (2010). Although the earlier error of the assessor, if that is what occurred, continues to affect the determination of the property tax liability for the property, the challenge by taxpayer does not come within the time limits provided in ORS 305.280 or ORS 305.288 and is time-barred.[1]

Taxpayer cites to the court three decisions of the Magistrate Division dealing with actions taken by assessors under ORS 311.205. Neither that section of the statutes nor those cases provide relief for taxpayer. They have to do with the authority of an assessor to correct certain errors on the property tax roll, from which action an affected taxpayer may appeal. They do not provide for an extended time period for an appeal by a taxpayer when a taxpayer believes an error has been made.

As this court observed in *Taft Church v. Dept. of Rev.*, 14 OTR 119, 122 (1997), in the arena of property taxation the taxpayer must be vigilant in reviewing what the assessor has done so as to timely appeal. Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.