IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CHERYL DANIELSON,     )
            )
    Plaintiff,     )  TC-MD 140382N
            )
  v.        )
            )
LINCOLN COUNTY ASSESSOR,  )
            )
    Defendant.    ) **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision of Dismissal, entered February 17, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed November 25, 2014, requesting that the court dismiss "[P]laintiff's amended complaint and sustain 2014-15 tax roll values[,]" for property identified as Account R297112 (subject property). (Def's Ans at 1.) A case management conference was held on December 11, 2014, during which the parties agreed to schedule a meeting on December 19, 2014, to discuss Defendant's Motion. Plaintiff agreed to file a written response to Defendant's Motion and Defendant agreed to file a written reply to Plaintiff's response. The court has received the parties' written arguments. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiff filed her Complaint on October 16, 2014, and filed an Amended Complaint on October 30, 2014, as allowed by Tax Court Rule (TCR) 23 A.[1] Plaintiff requested a "refund for

---

[1] TCR 23 A is made applicable through the preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division [of the Tax Court] may be used as a guide to the extent relevant."

overpayment [of her] property taxes for the last SIX YEARS." (Ptf's Compl at 1 (emphasis in original).) Plaintiff's request was based on her discovery that the subject property's size was listed in Defendant's records as "2284 square feet" when "the correct square [footage] is 1903." (*Id.*) Plaintiff explained that she "retrieved [her] appraisal dated 9/12/07 and [the] recorded square footage [was] 1903 square feet." (*Id.* at 2.) Plaintiff's Amended Complaint clarified that she was appealing the 2007-08 through 2014-15 tax years. (Ptf's Am Compl at 1.)

Defendant filed its Motion in response to Plaintiff's Amended Complaint. (Def's Ans at 2.) Defendant wrote that it received Plaintiff's "first letter" on June 25, 2014, and in response "visited [Plaintiff's] property on July 1, 2014." (*Id.* at 5.) Plaintiff allowed an interior inspection of the subject property on July 11, 2014. (*Id.*) Defendant wrote that "Plaintiff submitted an Application for Correction of Maximum Assessed Value Due to Error in Square Footage as provided by ORS 311.234[,]" but did not identify the date on which the application was filed. (*Id.* at 2.) Defendant determined "the discrepancy in square footage due to the clerestory entry was a difference in opinion of value rather than an error." (*Id.* at 5.) Defendant's authorized representative stated during the case management conference that it had reduced the subject property's 2014-15 real market value by $9,700 based on the square footage error correction requested by Plaintiff.[2] With respect to the remaining tax years at issue, Defendant stated that Plaintiff "is not entitled to relief under ORS 305.288." (Def's Ans at 3.)

On December 30, 2014, Defendant filed a letter notifying the court that Plaintiff did not attend the parties' scheduled meeting on December 19, 2014. Plaintiff filed a letter on January 6, 2015, explaining that she missed the meeting because her car was being repaired. (Ptf's Ltr at 1,

---

[2] In its Motion, Defendant erroneously stated that it corrected the subject property's square footage for the 2013-14 tax year and described that tax year as "the current tax year" at the time of the correction. (*See* Def's Ans at 2-3.) Defendant stated during the case management that the correction was made for the 2014-15 tax year.

Jan 6, 2015.)  Plaintiff further explained that she had "not attempted to re-schedule because [she] was] not convinced [she] will discover anything new that will be of assistance in winning [her] case." (*Id.*)  Plaintiff's letter also included her response to Defendant's Motion.  Plaintiff stated "[t]he assessor overtaxed [her] for 6 years due to their error in the square footage of [her] home." (*Id.*)  She concluded it was not "to [her] advantage to waste time looking at statutes, seeking a reason they should reimburse [her]." (*Id.*)  Plaintiff stated that she was "asking what is fair, and the assessor's office has determined that figure to be $148.10.  Take that amount time 6 years and what is owed [her] is $888.60." (*Id.*)  Defendant filed a reply to Plaintiff's response on January 15, 2015, requesting the court grant its Motion.

Plaintiff did not provide the court with property tax statements for the subject property for any of the tax years at issue, nor did Plaintiff identify her requested real market value for any of the tax years at issue.  During the case management conference, Defendant's authorized representative stated that the subject property's 2013-14 real market value was $260,680.

## II.  ANALYSIS

Plaintiff has requested a refund of property taxes for the 2007-08 through 2014-15 tax years based on her determination that the subject property's square footage reported in Defendant's records was in error.  Defendant moved to dismiss Plaintiff's Amended Complaint because it provided Plaintiff with her requested relief for the 2014-15 tax year and because there is no authority under ORS 311.234, ORS 305.288, or any other statute to grant Plaintiff's requested relief for the 2007-08 through 2013-14 tax years.

/ / /

/ / /

/ / /

A.        *Square Footage Correction Under ORS 311.234*

ORS 311.234(2)[3] authorizes the county assessor to

> "correct the maximum assessed value of the property for the *current tax year* if
> there is a demonstrated difference between the actual square footage of the
> property as of the assessment date for the current tax year and the square footage
> of the property as shown in the records of the assessor for the tax year."

(Emphasis added.) In order for a taxpayer to receive a square footage correction, the taxpayer

must file a petition with the county assessor "on or before December 31 of the current tax year."

ORS 311.234(5). The petition must be "on the form and contain the information prescribed by

the Department of Revenue." (*Id.*) ORS 308.007 defines a tax year as a 12-month period

beginning on July 1. The 2014-15 tax year began on July 1, 2014.

Defendant stated that Plaintiff filed an application to correct the subject property's square

footage and Defendant corrected the subject property's square footage for the 2014-15 tax year

pursuant to ORS 311.234.[4] Thus, Plaintiff has received her requested relief for the 2014-15 tax

year. A petition for the 2013-14 tax year would have had to have been filed with Defendant on

or before December 31, 2013. Defendant stated that it received Plaintiff's "first letter" about the

square footage error in June 2014, well beyond the December 31, 2013, deadline for the 2013-14

tax year. Plaintiff provided no evidence that she timely filed a petition to correct the subject

property's square footage in any tax years prior to the 2014-15 tax year. ORS 311.234 provides

no mechanism to correct the subject property's square footage in any tax years prior to the

"current tax year[,]" which was the 2014-15 tax year.

/ / /

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

[4] Defendant wrote in its Answer that it made the correction for the 2013-14 tax year, but stated during the
case management conference that it made the correction for the 2014-15 tax year. A correction made for the
2014-15 tax year is consistent with the timeline provided in Defendant's Answer.

B.    *Relief Available Under Other Statutes*

In most cases, the first step for a taxpayer to challenge the real market value assigned to its property is to file a petition with the county board of property tax appeals (BOPTA) no later than December 31 of the current tax year. *See* ORS 309.100. A taxpayer may appeal a BOPTA order to this court within 30 days of the date of the order. ORS 305.280(4). If a taxpayer fails to timely petition BOPTA or fails to timely appeal a BOPTA order to this court, the taxpayer may seek relief under ORS 305.288, which authorizes this court to correct errors for the current tax year and the two tax years immediately preceding the current tax year, provided additional requirements are satisfied. *See* ORS 305.288(1), (3).

Under ORS 305.288(1), the taxpayer must allege and prove an error of at least 20 percent in the real market value of property used primarily as a dwelling. Under ORS 305.288(3), the taxpayer must establish "good and sufficient cause" for failing to pursue the statutory right of appeal. "Good and sufficient cause" is defined as "an extraordinary circumstance that is beyond the control of the taxpayer," and "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information." ORS 305.288(5)(b)(A)-(B).

Plaintiff presented no evidence that she filed a petition with BOPTA for any of the tax years at issue. There is no authority under ORS 305.288 for the court to correct the subject property's real market value for the 2007-08 through 2011-12 tax years. At most, ORS 305.288 authorizes the court to correct the subject property's real market values for the 2012-13 and 2013-14 tax years if Plaintiff meets the requirements of either ORS 305.288(1) or (3).

Plaintiff did not identify her requested real market value in either her Complaint or Amended Complaint. The court provided Plaintiff with an opportunity file a written response to Defendant's Motion. Plaintiff filed a written response, but did not identify her requested real

market value in that response. Instead, Plaintiff has chosen to identify her requested relief as a refund of property taxes. Plaintiff has not alleged an error of at least 20 percent in the subject property's 2012-13 or 2013-14 real market values, as required by ORS 305.288(1).

Plaintiff did not explain why she did not file a petition with BOPTA or request a square footage correction in any tax years prior to the 2014-15 tax year. In her Complaint, Plaintiff referenced a September 2007 appraisal reporting the subject property's size as 1,903 square feet. Plaintiff's explanation indicates that she knew the subject property's correct size in 2007, but nevertheless failed to appeal. Plaintiff has not identified good and sufficient cause for her failure to pursue the statutory right of appeal in either the 2012-13 or 2013-14 tax years, as required by ORS 305.288(3). The court concludes that it lacks authority to correct the subject property's 2012-13 or 2013-14 real market values under ORS 305.288.

Plaintiff has presented the court with no authority supporting her requested relief for the 2007-08 through 2013-14 tax years and the court is aware of none. As a result, Plaintiff's appeal must be dismissed. Although Plaintiff may consider this outcome unfair,

> "[t]his situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the *government* to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit."

*Taft Church v. Dept. of Rev.*, 14 OTR 119, 122 (1997) (emphasis in original).

### III. CONCLUSION

After careful consideration, the court concludes that Defendant has already granted Plaintiff's requested relief for the 2014-15 tax year. Plaintiff has failed to identify any authority

/ / /

supporting her requested relief for the 2007-08 through 2013-14 tax years and the court is aware

of none. As a result, Defendant's Motion to Dismiss must be granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Plaintiff's Amended Complaint is dismissed.

Dated this ___ day of March 2015.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer on March 6, 2015. The court filed and entered this document on March 6, 2015.*