No. 22          February 19, 2016          207

IN THE OREGON TAX COURT
REGULAR DIVISION

Gary Leon RICHARDSON
and Christina Louise Richardson,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5260)

Plaintiffs (taxpayers) appealed from a Magistrate Division Decision of Dismissal. Taxpayers requested that the court determine that the real market value (RMV) of a house was lower than that established by the county assessor in 2001. Taxpayers also asked that the maximum assessed value (MAV) of the house be revised for that year and each subsequent tax year to reflect the requested redetermination of RMV for the house in 2001. Granting Defendant's motion, the court ruled that because taxpayers did not pursue an appeal in 2001 from a BOPTA decision, there existed no other statutory right of appeal for that year. In addition, the statutory right under ORS 305.275 was foreclosed, and taxpayers did not seek relief under ORS 306.115.

Oral argument on Defendant's Motion to Dismiss was held December 21, 2015, by telephone.

Gary L. Richardson filed a response and argued the cause for taxpayers *pro se.*

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendant rendered February 19, 2016.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION

This case is before the court following oral argument on Defendant's Motion to Dismiss. Plaintiffs (taxpayers) ask this court to determine that the real market value (RMV) of a house is lower than that established by the county assessor in 2001, the year in which the house was built. Taxpayers also ask that the maximum assessed value (MAV) of the house be revised for that year and each

subsequent tax year to reflect the requested redetermination of RMV for the house in 2001.

Both in their briefing and at the hearing, taxpayers represented that all of their requested relief turns on redetermination of the 2001 RMV of the house. Taxpayers did not appeal the assessor's determination of the RMV of the property to the appropriate Board of Property Tax Appeals (BOPTA) in 2001.[1] Instead, they only appealed tax year 2014-15 to BOPTA and then to the Tax Court.

## II.   ISSUES

Claims of taxpayers generally raise three fundamental questions: (1) jurisdiction of the court; (2) relief or remedy authorized by law; and (3) time limits and procedural requirements for seeking such relief.

## III.   ANALYSIS

The Tax Court, except as otherwise specifically provided by statute, has exclusive and limited jurisdiction concerning questions of law and fact arising under the tax laws of the state. ORS 305.410(1).[2] The only claim made by taxpayers here relates to the RMV and MAV of property for tax year 2014-15. That claim arises under the tax laws of this state, and this court has jurisdiction to consider it. However, for reasons discussed below, this court does not have jurisdiction to establish the basis for the relief that taxpayers request for tax year 2014-15.

The initial determination of RMV for property is generally made by a county assessor. Relief from that determination may be obtained in one of three ways. First, a determination of RMV may be appealed to BOPTA by December 31 in the year in which the determination is made. ORS 309.100. An appeal from the decision of BOPTA may be taken to this court. ORS 305.275(3). Officers having charge of the property tax rolls are required to correct the tax rolls in accordance with the determination of this court,

---

[1] For a complete procedural history of this case, see the Magistrate Division Order and Final Decision of Dismissal. *Richardson v. Department of Revenue*, TC-MD 150091N (Order, June 26, 2015; Final Decision of Dismissal, Aug 17, 2015).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

subject only to appeal to the Oregon Supreme Court. ORS 305.440. As taxpayers did not appeal the 2001 RMV to the appropriate BOPTA in the appropriate year, this route to relief is foreclosed.

The second route to relief from an assessor's determination of RMV is by application to Defendant Department of Revenue (the department) to exercise its supervisory authority over assessors. ORS 306.115. If relief is granted, officers having charge of the tax rolls must make the changes ordered. ORS 306.115(3); ORS 311.205(1)(d). Relief in such cases may be for the current tax year and the two immediately preceding years, even when no appeal to BOPTA was taken. ORS 306.115(3). Taxpayers here did not seek this relief from the department, so this route to relief is also foreclosed in this court.

The third route to relief is pursuant to ORS 305.288. That statute directs the Tax Court to order changes or corrections to an RMV determined by an assessor for the current year and the two immediately preceding years where the property is a dwelling and the assessment differential is equal to or greater than twenty percent. ORS 305.288(1). The remedy under ORS 305.288 is also available if, for good and sufficient cause, no other statutory right of appeal exists. ORS 305.288(3). Relief may include a redetermination of the MAV for a year in which the RMV is corrected. If the court orders a correction, the officers in charge of the rolls must make the correction. ORS 311.205(1)(d).

Because taxpayers did not pursue an appeal in 2001 from a BOPTA decision, there exists no other statutory right of appeal to this court for that year. The statutory right under ORS 305.275 was foreclosed, and taxpayers did not seek relief under ORS 306.115. The only potential route to relief is ORS 305.288. However, that relief is available only for the year for which the complaint is filed, the "current tax year," and the two immediately preceding tax years. However, taxpayers do not seek a redetermination of RMV for the property for tax year 2014-15 or any of the two immediately preceding years. Rather, taxpayers seek a redetermination of the MAV for tax year 2014-15 and the two preceding years, based on a redetermination of the

RMV for the property for the 2001 year. ORS 305.288 simply does not provide jurisdiction for this court to make such a determination for 2001.

Taxpayers assert, however, that the actions of the assessor amount to fraud or deceit. Based on that assertion, taxpayers further argue that the statute of limitations for such an action, found in ORS 12.110, applies to the claim for relief. The problem with this argument is that the limiting factor in this case is not a statute of limitations but rather whether the court has the statutory power to order a correction of the RMV, and derivatively the MAV, of the home in 2001. The court has no such power. Its jurisdiction and power to remedy alleged errors in the assessment process is as described in the statutes discussed above. None of those statutes provide a basis for further proceedings in this case.

To the extent that taxpayers seek to make a claim for the torts of fraud or deceit, this court has no jurisdiction over such a claim. It is settled law that this court has no jurisdiction over tort claims, even when the factual context of those claims involves the processes of taxation of property. *Sanok v. Grimes*, 294 Or 684, 701, 662 P2d 693 (1983).

Taxpayers argue that subsection (6) of ORS 305.288 implies that there are other remedies provided by law. That may be, but it does not help taxpayers here. ORS 305.288(6) serves to make clear that failure to meet property type, size of dispute, and other conditions of ORS 305.288 does not bar a taxpayer from potentially obtaining relief elsewhere. For example, a taxpayer unable to qualify for relief from this court under ORS 305.288 might obtain relief from the department under ORS 306.115. Additionally, a remedy for a taxpayer may be available under ORS 311.806.

ORS 305.288(6) makes clear that such remedies are not foreclosed by the existence of the remedy provided generally in ORS 305.288. However, ORS 305.288 does not purport to extend the jurisdiction of this court or the remedial pathways that the legislature has created. Taxpayers' claims regarding tax years more than two years prior, including redetermination of the 2001 RMV of the house, are outside the jurisdiction of this court. *Myslony v. Dept.*

*of Rev.*, 21 OTR 146 (2013). Accordingly, the department's motion to dismiss for tax years before 2012-13 is granted.

With respect to tax years 2012-13 through 2014-15, this court has jurisdiction to consider the claims because (a) tax year 2014-15 was appealed to BOPTA, and (b) tax years 2012-13 and 2013-14 are the two immediately preceding tax years. As noted, however, taxpayers admitted that their requested relief depends upon redetermination of the 2001 RMV. Accordingly, while this court has jurisdiction to consider the RMV and MAV for tax years 2012-13 through 2014-15, it cannot provide the requested relief, which creates a question of whether the department's motion to dismiss for lack of jurisdiction can be granted for tax years 2012-13 through 2014-15. Either the basis for the relief requested removes taxpayers' claims from this court's jurisdiction—and the motion should be granted—or the court still has jurisdiction but it must deny the requested relief. Procedural intricacies aside, it is clear that regardless of whether the department is allowed to stand on its motion to dismiss or is required to move for summary judgment, taxpayers would still have no proper basis for the relief requested.

## IV.   CONCLUSION

Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted.