IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JERRY WILLEY,                                )
and JUDY WILLEY,                             )
                                            )
             Plaintiffs,                     )          TC-MD 250613N
                                            )
      v.                                    )
                                            )
WASHINGTON COUNTY ASSESSOR,                  )
                                            )
             Defendant.                      )          **DECISION**

Plaintiffs appealed Defendant's letter dated August 8, 2025, denying Plaintiffs'

Application for Correction of Maximum Assessed Value (Application) for property identified as

Account R2100956 (subject property).  (Compl at 7.)  Plaintiffs identified the tax years at issue

as 2020 to 2024.  (*Id.* at 1.)  At the case management conference held December 10, 2025,

Plaintiffs moved for summary judgment on their Complaint.  (Journal Entry, Dec 10, 2025.)  As

agreed upon by the parties, Defendant filed a cross motion for summary judgment and response

to Plaintiffs' motion.  Plaintiffs had the opportunity to file a reply but did not do so.  By letter

dated February 10, 2026, the court requested additional briefing on whether another error

correction statute – ORS 311.205 – applies in this case.  Defendant filed its Supplemental Brief

on March 16, 2026.  Plaintiffs did not reply.  This matter is ready for decision.

## I.  STATEMENT OF FACTS

Plaintiffs filed their Application in March 2025, describing the property with the square

footage error as "unfinished attic space."  (Compl at 8.)  Plaintiffs assert that, in 2008, Defendant

increased "the livable space" of the subject property by 525 square feet "to reflect the attic space

above the garage."  (*Id.* at 2.)  Plaintiffs note a 5.8 percent increase in the amount of tax assessed

on the subject property between the 2008-09 and 2009-10 tax years.  (*Id.* at 6.)  Plaintiffs

DECISION  TC-MD 250613N                                                                          1

purchased the subject property in 2007 and did not add "any additional space from 2007 through now, 2025." (*Id.* at 2.) Plaintiffs believe that they "have incorrectly paid tax on this additional 525 sq ft for 17 years." (*Id.*)

Defendant denied Plaintiffs' Application under ORS 311.234(3)(b)(B), explaining that the difference between "finished second-floor space and unfinished attic storage space" is "a difference in the nature, extent, or value of the improvements" and so "does not qualify for correction." (Compl at 7.) Defendant does not "dispute that the attic space existed" or "the square footage of the space[.]" (Def's Mot for Summ J at 1.) Defendant agrees that it added exception value in 2008 for "an additional 525 square feet of finished living area, attributed to attic space located above the garage." (*Id.* at 2.) Since then, Defendant "has confirmed that the space in question is unfinished attic storage and was misclassified as finished living area." (*Id.*) As a result, Defendant corrected the subject property's real market value (RMV) but did not change its maximum assessed value (MAV). (*Id.*)

## II. ANALYSIS

The issue is whether the subject property's MAV may be corrected for the 2020-21 to 2024-25 tax years based on an error in the 2008-09 tax year that misclassified a portion of the subject property as finished living space rather than unfinished space. The court considers whether the correction may be made under either ORS 311.234 or ORS 311.205.[1] The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.[2]

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

[2] TCR 47 is made applicable by Tax Court Rule-Magistrate Division (TCR-MD) 13 B, which provides that "[t]he court may apply TCR 47 to motions for summary judgement, to the extent relevant."

A.      *Correction of Error in Square Footage Under ORS 311.234*

ORS 311.234 permits a property owner to petition the assessor for a MAV correction for up to five tax years based on a square footage error or taxation of nonexistent property.[3] Plaintiffs argue that the error at issue here is a square footage error that may be corrected under the statute. (*See* Compl at 2.) ORS 311.234(2)(a) requires the assessor to correct a property's MAV if the petitioner demonstrates "[a] difference between the actual square footage of the property as of the assessment date for the tax year and the square footage of the property as shown in the records of the assessor for the tax year." Defendant disagrees that the error is a square footage error, instead characterizing it as a valuation error. (Def's Supp Br at 3.) Defendant relies on ORS 311.234(3)(b)(B), which states that the correction

> "[m]ay not be made to the extent that the assessor finds that the new property or new improvements to property existed on the assessment date of a prior tax year and the petition is best construed as demonstrating a difference in the nature, extent or value of the new property or new improvements to property."

(Def's Mot for Summ J at 2-3.) Defendant reasons that "the square footage itself" was correct; the error was in its classification as finished instead of unfinished. (*Id*. at 3.)

In a case presenting similar facts, this court concluded that an error misclassifying a sunroom as living space was not an error in square footage correctible under ORS 311.234. *Wynne v. Marion County Assessor*, TC-MD 170207R, 2018 WL 3428754 (Or Tax M Div, Jul 16, 2018). The court considered legislative intent, finding that the legislature was concerned about taxation of nonexistent property, whereas the sunroom at issue existed. *Id.* at *3. The court finds the reasoning of *Wynne* persuasive and reaches the same conclusion.

/ / /

---

[3] Plaintiffs have not alleged that the attic space did not exist or argued that that provision of the statute applies.

Defendant's error classifying the attic space as finished rather than unfinished was a valuation error, not a square footage error. As a result, the error may not be corrected under ORS 311.234.

B.       *Correction of Valuation Judgment Errors under ORS 311.205.*

Having concluded that the error at issue in this case was one of valuation judgment, the court next considers whether it may be corrected under ORS 311.205. That statute permits the officer in charge of the roll to correct errors in "valuation judgment" for up to five years "at any time in any account when an appeal has been filed in the tax court alleging that the value on the roll is incorrect, if the correction results in a reduction of the tax owed on the account." ORS 311.205(1)(b)(A). Defendant determined that provision does not apply here because Plaintiffs did not make a timely valuation appeal and the subject property's MAV was correctly computed for the five years open for correction under ORS 311.205. (*See* Def's Supp Br at 2-3, citing OAR 150-311-0150(3) (limiting correction to timely appeals within the court's jurisdiction).)

The court agrees with Defendant. The valuation error at issue here occurred in the 2008-09 tax year and no timely valuation appeal was made for that year. *See Richardson v. Dept. of Rev.*, 22 OTR 207, 208-209 (2016) (describing ways to appeal value). This court has rejected the theory that an earlier, unchallenged error in RMV carries through to a subsequent MAV through a "series of errors." *Kaufman v. Dept. of Rev.*, 20 OTR 159, 165-166 (2010); *see also Richardson*, 22 OTR at 211 (dismissing appeal of 2012-13 through 2014-15 tax years based on alleged error in 2001-02 tax year). MAV is calculated in accordance with ORS 308.146. Plaintiffs have not presented evidence or alleged that the subject property's MAV was

/ / /

miscalculated under that statute for any of the five years at issue.[4] The court concludes that Plaintiffs' appeal does not present a valuation error correctible under ORS 311.205(1)(b)(A).

## III. CONCLUSION

Upon careful consideration, the court concludes that the subject property's MAV may not be corrected under either ORS 311.234 or ORS 311.205 for the 2020-21 through 2024-25 tax years. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

_____

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.***

***This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on April 6, 2026.***

---

[4] Defendant alleges that the subject property's MAV increased 103 percent for each of the five years at issue, as required by ORS 308.146(1). (Def's Supp Br at 3.)