# IN THE TAX COURT OF THE
## STATE OF OREGON

### Paul F. SEIFERT
### and Judy A. Seifert
#### *v.*
## DEPARTMENT OF REVENUE
### (TC 4305)

Plaintiffs (taxpayers) appeared *pro se*.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented Defendant Department of Revenue (department).

Decision for Defendant rendered November 3, 1998.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) appeal from a magistrate Decision denying retroactive property tax relief for tax years prior to 1995-96. Defendant (department) cross appealed, asserting that the magistrate erred in granting tax relief for 1995-96 and 1996-97. Trial was held by telephone.

## FACTS

The facts are undisputed. Taxpayers are general contractors engaged in the business of building single-family homes. They built the subject property for their own personal residence in 1989. The plans and the building permit indicate that the property has 2,096 square feet on the first level and 605 square feet on the second level. When an appraiser from the assessor's office first measured the property for purposes of assessment, the appraiser recorded the second level as 929 square feet. Apparently, the appraiser missed the fact that an 18' x 18' area of the first floor had a two-story open vaulted ceiling.

Taxpayers were not aware of the error. Mr. Seifert testified that when the tax statements came the first year, the assessed value seemed reasonable and he assumed that the appraiser's measurements were accurate. The assessed value increased year-by-year due to trending or inflationary adjustment. However, when taxpayers received their tax statement for 1997-98, the assessed value seemed unreasonable and, at that point, they went to the assessor's office where they discovered the error. After verifying that an error had been made, the assessor agreed to a reduction in assessed value for all years beginning with 1995-96, but not for any prior years. Taxpayers appealed, seeking relief for all years since 1989-90.

## ISSUES

(1) Was the measurement error a clerical error, correctable under ORS 311.205?[1] (2) Did the Magistrate Division exceed its authority in granting tax relief for 1995-96 and 1996-97?

## ANALYSIS

■    The relevant portion of ORS 311.205(1)(a) provides:

"The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126, or which is a failure to correctly reflect the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126, and which, had it been discovered by the assessor or the department prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, *and the information necessary to make the correction is contained in such* records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll." (Emphasis added.)

■    Was the information necessary to correct the error "contained" in the assessor's records? The court finds that it was not. The error was not a clerical error but an appraiser's error. The appraiser did not inspect the property close enough to realize there was no second floor area over the living room. Accordingly, the assessment records reflected the appraiser's erroneous assumption. There is no way to determine from looking at the records that an error even exists. It is only by inspecting the house that the error in the records could be detected. Taxpayers argue that there is a photo of the property contained in the assessor's records and that this photo should have made it obvious that there was an error. However, while it may be obvious to taxpayers, who are experienced builders, it is not apparent to the court. The court therefore finds that the error on the assessment roll did not

---

[1] All references to the Oregon Revised Statutes are to 1997.

arise from an error in the tax records because the information necessary to make the correction was not contained in the records. ORS 311.205 is not applicable.

■ Finding that the error is not correctable as a clerical error, the court now considers whether there was "good and sufficient cause" for taxpayers' failure to appeal their value. The department contends that the court may not grant relief for either of the two years prior to the current year unless: (1) there is a gross error of 20 percent or more or (2) the court determines that "good and sufficient cause" exists for the failure of the taxpayer to pursue the statutory right of appeal. ORS 305.288(1)(b),(4)(b).

■ The evidence indicates that the error did not amount to 20 percent. Thus, whether there was "good and sufficient cause" is the only basis for relief. ORS 305.288(4)(b) defines "good and sufficient cause":

> "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

■ Based on the facts in this case, the court finds there was not an extraordinary circumstance beyond the control of taxpayers. The reason taxpayers did not appeal was because they were unaware of the error in the assessor's records. Whether viewed as lack of knowledge, oversight or inadvertence, it does not qualify as "good and sufficient cause." As previously noted by this court:

> "This situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the *government* to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose

time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit." *Taft Church v. Dept. of Rev.*, 14 OTR 119, 122 (1997). (Emphasis in original.)

Based upon the above, judgment will be entered in favor of the department, directing the officers in charge of the tax rolls to correct the rolls only for the 1997-98 tax year. Costs to neither party.