George C.C. SU
and Anita Su,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

MULTNOMAH COUNTY,
a political subdivision of the State of Oregon,
*Intervenor-Defendant.*

(TC 4502)

George C.C. Su and Anita Su argued the cause for Plaintiffs (taxpayers) *pro se.*

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, filed an Answer for Defendant (the department), but did not argue the cause.

John S. Thomas, Multnomah County Assistant County Counsel, Portland, argued the cause for Intervenor-Defendant (the county).

Decision for Intervenor-Defendant rendered February 21, 2001.

## CARL N. BYERS, Judge.

Plaintiffs (taxpayers) appeal from a magistrate Decision denying their claim for a lower assessed value on their personal residence for the 1999-2000 tax year. Taxpayers claim that the assessment is in error as a result of a clerical error that is correctable under ORS 311.205.[1] Multnomah County (the county) intervened to defend its assessment. The matter has been submitted to the court on the county's Motion for Summary Judgment.

There is no dispute with regard to the material facts. The subject property is a Class 5.5 residence built in 1981. Taxpayers purchased the property in March 1999. After purchasing the property, taxpayers discovered an error in the assessor's records. The assessor's records indicated that the residence contained 4,732 square feet, with 1,988 square feet on the first level and 2,744 square feet on the second level. In fact, the first level contains only 1,743 square feet and the second level contains only 1,390 square feet, for a total of 3,133 square feet.

In light of that error, taxpayers appealed the assessed value of their property to the board of property tax appeals. The board reduced the real market value of the property, but not the assessed value because the assessed value was still less than the RMV. Taxpayers then appealed to the Magistrate Division of this court. Having received an unfavorable decision by the magistrate, taxpayers then appealed to the Regular Division.

## ISSUE

Is the error in question a clerical error correctable under ORS 311.205?

## ANALYSIS

Taxpayers' assessed value arises out of a maximum assessed value (MAV) established under the provisions of

---

[1] All references to Oregon Revised Statutes are to 1997.

ORS 308.146, which implements Article XI, section 11, of the Oregon Constitution. In establishing a new MAV for property as of July 1, 1997, Article XI, section 11(1)(g), of the Oregon Constitution, specifies that:

> "There shall not be a reappraisal of the real market value used in the tax year beginning July 1, 1995, for purposes of determining the property's maximum assessed value under paragraph (a) of this subsection."

Both the constitution and ORS 308.146 provide that the MAV for the base year 1997 is to be the real market value of the property for the tax year beginning July 1, 1995, reduced by 10 percent.

Based upon the constitutional prohibition against reappraisal, this court has held that neither assessors nor taxpayers may seek to change the real market value of the 1995 base year. *Ellis v. Lorati*, 14 OTR 525 (1999). Taxpayers contend that the constitutional prohibition is not applicable to clerical errors correctable under ORS 311.205. That contention presents an issue not previously considered by this court. However, it is unnecessary for the court to consider it here because the error in question is not a clerical error.

■ Although ORS 311.205 provides for the correction of clerical errors, it defines clerical errors in specific terms. The relevant portion of ORS 311.205(1)(a) provides, in part:

> "* * * A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor * * * and which, had it been discovered by the assessor or the department prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, *and the information necessary to make the correction is contained in such records.* * * *" (Emphasis added.)

It is undisputed that the assessor's records were in error. However, it is also undisputed that the error was brought to the assessor's attention by taxpayers. The assessor had to send an appraiser to taxpayers' residence to measure the house to obtain the correct square footage of the house. Therefore, the information necessary to make the correction was not contained in the assessor's records.

The error is the same type of error found in *Seifert v. Dept. of Rev.*, 14 OTR 401 (1998). In that case, the court held that taxpayer was not entitled to relief for years prior to the current tax year because it was not a clerical error. The court stated, in part:

"* * * There is no way to determine from looking at the records that an error even exists. It is only by inspecting the house that the error in the records could be detected." *Id.* at 403.

■ Taxpayers claim that an arithmetic error is a clerical error. While that may be true in a general sense, the specific requirements of the statute control. There is good reason for the statutory requirement that the information necessary to make the correction be contained in the records. While mass-appraisal techniques may place heavy reliance upon cost, cost alone is not determinative of market value. Once an error in square footage is determined, the appraiser must consider anew the question of the property's real market value. Two properties may have identical square footage but vastly different values due to design flaws, favorable features, or simply due to their location. Such errors require a reappraisal in the sense that the appraiser must make a new determination of the property's market value.

Having determined that the error in question is not a clerical error within the meaning of ORS 311.205, the court finds that the county's motion must be granted. Now, therefore,

IT IS ORDERED that the Intervenor's Motion for Summary Judgment is granted. Costs to neither party.