DECISION
Plaintiffs appeal the real market value (RMV) and maximum assessed value (MAV) assigned to their home for tax years 2001-02 through 2006-07. The court held a case management conference in the appeal April 21, 2008. Joni M. Strub appeared on behalf of Plaintiffs. Bryce Krehbiel, county appraiser, represented Defendant. Subsequently, Defendant submitted written arguments; nothing was received from Plaintiffs. The record closed June 23, 2008.
 I. STATEMENT OF FACTS
Plaintiffs purchased the newly constructed subject home, identified as Account 1580446, in February of 2000. It was added to the tax rolls for the 2001-02 tax year. An appraiser from Defendant's office earlier visited the property, drew a map of the home, and measured the structure. Unbeknownst to anyone, the county appraiser had not measured the home correctly and overstated the home's square footage by approximately 887 square feet. Plaintiffs subsequently received tax statements for several years and never questioned the values assigned to the improvements. In 2007, Plaintiffs investigated the size of their home. As part of that review process, they questioned the difference between the square footage recorded in Defendant's records and their own measurements. Plaintiffs contacted Defendant about the inconsistency. After the contact, a county appraiser visited the property to remeasure the home. At that time, *Page 2 
Defendant realized the property had earlier been measured incorrectly. Plaintiffs filed an application to correct the square footage, which Defendant granted for the 2007-08 tax year. Defendant did not provide any retroactive relief under the statutes. As a result, Plaintiffs appeal to this court seeking value reductions for those interim years back to tax year 2001-02.
In its report filed May 7, 2008, Defendant advanced a potential recommendation to correct the 2006-07 RMV to $293,400. However, the representative stated that "will have no impact on the assessed value for the 2006 tax year." (Def's Ltr at 2, May 5, 2008.)
 II. ANALYSIS
The potential reduction in RMV for 2006-07 will not impact the assessed value or the tax amount due for that year. When the property's maximum assessed value is less than its real market value, the taxpayer is not aggrieved within the meaning of ORS 305.275.[1] Parks WestsacL.L.C. v. Dept. of Rev., 15 OTR 50 (1999). The court cannot grant such a reduction.
The Oregon Legislature has developed an appeals system for taxpayers to follow when challenging the assessed and real market values assigned to their properties. The first step in the appeal process is to a county board of property tax appeals (BOPTA). Taxpayers are required to file appeals with the appropriate BOPTA by December 31 of the current tax year. ORS 309.100(2). In this appeal, Plaintiffs acknowledge they failed to timely challenge each year's values.
There are statutory exceptions to the timely appeal requirements. Two exceptions have potential application in this appeal. The first is ORS311.205, which allows the assessor to correct clerical errors on the roll "for any year or years not exceeding five years prior to the last roll so certified." ORS 311.205(2)(a). The second exception is found in ORS 305.288(3), which *Page 3 
grants the court authority to review untimely appeals for the current year and the two prior years when the taxpayer establishes "good and sufficient cause" for not timely pursuing his statutory right of appeal.[2]
A. Clerical Error
ORS 311.205 provides for the correction of a clerical error. A correction ordered under the clerical error statute may only be made for years "not exceeding five years prior to the last roll so certified." ORS 311.205(2)(a). ORS 311.205 allows a correction as follows:
 "(1) After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:
 "(a) The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor * * * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."
ORS 311.205(1) (emphasis added).[3]
The statute is clear that a clerical error is an error where, to correct the error, the assessor's office need look no further than its own records. As a result, the question becomes *Page 4 
whether the information necessary to correct the county's square footage error is contained in its records.
Defendant's records contain a drawing made by the appraiser who originally visited the property. The drawing includes the incorrect square footage and supports the finding that the appraiser made a mistake in measuring the property. As ORS 311.205(1) makes clear, clerical errors include mathematical mistakes where, for example, it is apparent that the appraiser erred in multiplying two numbers; or when copying and transcription mistakes such as carrying an incorrect number over from the data card to the roll occur. In this case, nothing in the county's records suggests the error was the result of a mathematical, copying, or transcription error. When an appraiser simply fails to measure a property correctly, there is no way for the county to know an error existed on the roll. As a consequence, that mistake does not meet the statutory definition of a clerical error because the information necessary to correct the error is not contained in Defendant's records.
Plaintiffs argue they should be entitled to some recovery because they had no way of knowing of Defendant's mistake. However, in Seifert v.Dept. of Rev., 14 OTR 401 (1998), the Regular Division of the Oregon Tax Court held, on similar facts, that a square footage error, where not apparent from the assessor's records, was not correctable as a clerical error under ORS 311.205. In that case, the court noted:
 "`This situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which taxpayers keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the government to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit.'"
Id. at 404-05 (quoting Taft Church v. Dept. of Rev., 14 OTR 119, 122
(1997) (emphasis in original). *Page 5 
In the current property tax system, a taxpayer may review the assessment to determine its accuracy before paying the liability, or the taxpayer may pay the liability without verifying its accuracy. By not verifying the accuracy of the records for the subject property, Plaintiffs accepted Defendant's assessment and may not, at this late date, challenge an error that occurred many years ago.
B. Good and Sufficient Cause
The second avenue for retroactive relief is under the provisions of ORS 305.288(3), which states, in pertinent part:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
The statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
Plaintiffs did not file earlier appeals because they were unaware of the square footage error in the assessor's records. A similar situation occurred in Seifert where the taxpayers were *Page 6 
unaware of a square footage error in the county's records. As observed by the court in Seifert, "[w]hether viewed as lack of knowledge, oversight or inadvertence, it does not qualify as `good and sufficient cause.'" 14 OTR at 404.
 III. CONCLUSION
It is the conclusion of the court that the square footage error is not a clerical error correctable under ORS 311.205. The court further concludes that being unaware of an error in the assessor's records is not good and sufficient cause for failing to timely pursue a statutory remedy. Finally, the court finds it has no authority to order a reduction in the 2006-07 RMV. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this _____ day of November 2008.
If you want to appeal this decision, file a complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your complaint must be submitted within 60 days after the date of thedecision or this decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November21, 2008. The Court filed and entered this document on November 21,2008.
[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to the 2005 provisions.
[2] The court may also review untimely appeals in residential cases where the taxpayer alleges a value error of at least 20 percent. ORS305.288(1)(b). Because the parties agree the error is less than 20 percent, that provision does not apply.
[3] The OAR 150-311.205(1)(a)(1) expands on the definition of a clerical error as follows:
 "Clerical errors are those procedural or recording errors which do not require the use of judgment or subjective decision making for their correction. A clerical error is an arithmetic or copying error or an omission on the roll or misstatement of property value that is apparent from assessor office records without speculation or conjecture, assumption or presumption, and that is correctable without the use of appraisal judgment or the necessity to view the property."
(Emphasis added.) *Page 1