DECISION
Plaintiff has appealed Defendant's clerical error correction for tax years 2002-03 through 2007-08. Trial was held by telephone December 15, 2008. Plaintiff appeared on his own behalf. Defendant was represented by Pat Sheleny (Sheleny), Registered Property Appraiser, Washington County Assessor's office.
 I. STATEMENT OF FACTS
The appeal involves Plaintiff's home, which he purchased in 1996. The property is identified in the assessor's records as Account R247557. The home was built in 1978 and has three bedrooms and two bathrooms.
At the time of Plaintiff's purchase, Defendant had Plaintiff's home listed in its records as having 1,080 square feet of above-ground finished space, including 24 square feet of upper story finished area (i.e., second-story). Defendant's sketch of Plaintiff's home, from archived records, in September 1995, show an upper story finished area measuring 23 by 36 square feet, or 828 square feet. (Def's Ex A at 10.) Defendant became aware of the square footage discrepancy sometime in 2008 when it ran a routine computerized check for unusually small finished upper story square footages. *Page 2 
Sheleny then visited Plaintiff's home in May 2008 and determined, from an exterior inspection of Plaintiff's home, that the area attributable to the upper story was 816 square feet.[1] Based on that determination, Defendant, on June 2, 2008, issued a notice of intent to correct Plaintiff's values for a clerical error, using the 816 square foot determination from Sheleny's physical inspection. Defendant determined the real market value (RMV) for each year in question, allegedly based on information it had in its records for the relevant year. Defendant determined Plaintiff's maximum assessed value (MAV) and assessed value (AV) for the earliest year of correction (2002) and then trended those numbers three percent for each succeeding year in accordance with applicable law. Sheleny made a second visit in November 2008 after the appeal was filed and, after inspecting the home on the inside, determined the actual upper story square footage was 834 square feet, which is slightly more than revealed from the original sketch, and more than was determined by Sheleny from her first exterior visit.
Plaintiff contends that the error is not the type that could be corrected as a clerical error under ORS 311.205 because the statute requires that the information necessary to make the correction must be contained in the assessor's records and, in this case, Defendant's
representative had to visit Plaintiff's home in order to make the correction. Defendant disagrees, arguing that all the necessary information was contained in its records. Defendant also presented comparable sales information to demonstrate that its clerical error correction was in line with applicable market data for 2002. *Page 3 
 II. ANALYSIS
ORS 311.205[2] allows the assessor to correct a "clerical error." The statute provides in relevant part:
 "(1) After the assessor certifies the assessment and tax roll to the tax collector, the officer in charge of the roll may correct errors or omissions in the roll to conform to the facts, as follows:
 "(a) The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor, * * * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records. Such errors include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll." (Emphasis added.)
It is clear from the statutory language set forth above that a clerical error is one where the assessor's records contain all the information necessary to make the correction. ORS 311.205(1)(a); Costa v. JosephineCounty Assessor, TC-MD No 070644E, WL 3241809 (Oct 29, 2007).
Moreover, the statute and corresponding administrative rule generally preclude corrections to the roll requiring the exercise of valuation judgment. See ORS 311.205(1)(b) (limiting corrections based on valuation judgment to instances where an appeal is filed with the tax court and the correction results in a reduction of tax owed); OAR 150-311.205(1)(b)-(A)(1) (providing that except for the type of correction authorized by subsection (1)(b) of the statute, "the officer may not correct an error or omission on the roll * * * if the correction requires that the officer exercise judgment to determine the value * * *.") *Page 4 
Plaintiff insists that Defendant's correction is not authorized by statute because Sheleny visited his property before issuing the correction notices. Plaintiff cites Seifert v. Dept. of Rev., 14 OTR 401
(1998); Su v. Dept. of Rev., 15 OTR 305 (2001); Marek v. Washington Cty.Assessor, TC-MD No 000833E, WL 33245422 (Sept 5, 2000).
This case presents an interesting question because, although all three of the cases Plaintiff cites did conclude that the square footage error could not be corrected as a clerical error, at least two of those decisions involved situations where the assessor was completely unaware of the square footage error until one of the assessor's appraisers visited the property. In this case, the assessor independently discovered the error. Moreover, it does not appear that the information necessary to correct the error was contained in the assessor's records in any of those three cases, whereas, in this case, the assessor apparently did have in its records the information necessary to correct the error. The question, then, becomes whether errors in square footage can ever be corrected as clerical errors under ORS 311.205.
In Su, taxpayers discovered the square footage error and brought it to the assessor's attention by way of an appeal. The court stated:
 "* * * it is also undisputed that the error was brought to the assessor's attention by taxpayers. The assessor had to send an appraiser to taxpayers' residence to measure the house to obtain the correct square footage of the house. Therefore, the information necessary to make the correction was not contained in the assessor's records."
Su, 15 OTR at 307.
The same is true in Seifert, where the court stated in part: "There is no way to determine from looking at the records that an error even exists. It is only by inspecting the house that the error in the records could be detected." 14OTR at 403. In Seifert, the error was made by the assessor's appraiser, who, upon initial inspection of the property after the home was completed, failed to *Page 5 
notice an 18 foot by 18 foot vaulted ceiling in the living room and, instead, attributed that space to the second floor. Id. at 402, 403.
The last of the three cases is Marek. The taxpayers in Marek, like those in Su and Seifert, were the ones to discover the error and bring it to the assessor's attention. Marek, WL 33245422 at *1. However, it is unclear in Marek whether the information necessary to correct the error was contained in the assessor's records. Instead, the court relied on paragraph (b) of ORS 311.205(1), and the corresponding administrative rule, OAR 150-311.205(1)(b), which, at that time (2000) prohibited as a clerical error corrections based on errors in valuation judgment. The statute contained the prohibition against correcting errors in valuation judgment, and the administrative rule provided an example of the type of valuation judgment that could not be corrected as a clerical error, "making a mathematical error when computing the square footage[.]"[3]
The Marek court concluded by stating: "[p]revious cases dealing with a square footage error have likewise held that an error in square footage is not a clerical error but an appraisal error." Marek, WL 33245422 at *2. The case referenced as an example in Marek was Seifert, discussed above.
Although the statute and administrative rule have both been amended, based on the legislative changes in 2007, per Oregon Laws 2007, Chapter590, section 2, the pertinent portion of the rule remains unchanged from the version in existence when Marek was written. *Page 6 
Specifically, the rule continues to provide an example of mistakes that may not be corrected as a clerical error (because they require the officer to exercise judgment to determine value), "making a mathematical error when computing the square footage[.]" Based on the foregoing, the court concludes that mathematical errors in computing square footage cannot be corrected under ORS 311.205. It is noteworthy that, although Sheleny insists that the information necessary to correct the error was contained in the assessor's records, she made not one, but two, visits to Plaintiff's home to physically inspect and measure the property. Admittedly the second visit was after the appeal was filed, but the values generated by the correction were based on Sheleny's May 2008 inspection. Moreover, even where the correct square footage is contained in the assessor's records (e.g., in a diagram of the property), valuation judgment is needed to value of that space. This court as previously explained the reason for the statutory requirement that a clerical error correction be limited to situations where the information necessary to make the correction is contained in the assessor's records.
 "While mass-appraisal techniques may place heavy reliance upon cost, cost alone is not determinative of market value. Once an error in square footage is determined, the appraiser must consider anew the question of the property's real market value. Two properties may have identical square footage but vastly different values due to design flaws, favorable features, or simply due to their location. Such errors require a reappraisal in the sense that the appraiser must make a new determination of the property's market value."
Su, 15 OTR at 308.
 III. CONCLUSION
The court concludes that an error in square footage is not a correctable clerical error under ORS 311.205, and that Defendant's July 29, 2008, correction is therefore invalid. Now, therefore, *Page 7 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted and Defendant shall correct the assessment and tax rolls to reflect the values for the subject property, for the years at issue, as they existed prior to the clerical error correction.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 2,2009. The Court filed and entered this document on February 2, 2009.
[1] Plaintiff was not at home, so Sheleny could not get inside the home.
[2] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007.
[3] The applicable rule provided:
 "(1) * * * the officer may not correct an error or omission on the roll * * * if the correction requires that the officer exercise judgment to determine the value, formulate an opinion as to value, or inquire into the state of mind of the appraiser. Mistakes of this nature may be:
 "(a) [T]hinking that a house has a basement when it does not; [or]
 "(b) [M]aking a mathematical error when computing the square footage, the acreage, or some other factor[.]"
 OAR 150-311.205(1)(b) (emphasis added). *Page 1