IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HOWARD M. CARVER, )
)
Plaintiff, ) TC-MD 150095N
)
v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal entered on June 8, 2015. The court did not receive a request for an award of costs and

disbursements within 14 days after its Decision of Dismissal was entered. See TCR-MD 16.

This matter is before the court on Defendant's motion to dismiss, filed April 14, 2015.

Plaintiff's Complaint, filed March 19, 2015, alleged that property identified as Accounts

R169525 and R169526 was of no value in tax years 2000 to 2015. At the case management

conference, held April 30, 2015, the court dismissed tax years 2001-01 through 2011-12 and

ordered Plaintiff to respond to Defendant's motion to dismiss no later than June 1, 2015. The

court's order was confirmed in writing by its Order Dismissing Tax Years 2000-2001 through

2011-12 (Order), which is hereby incorporated in this Decision of Dismissal.

In its Order, the court explained that it would consider Plaintiff's appeal of tax years

2012-13, 2013-14, and 2014-15 if Plaintiff showed that he had "good and sufficient cause" for

not timely appealing those years to the board of property tax appeals.[1] The court quoted the

statutory definition of "good and sufficient cause" in that Order, and allowed Plaintiff "until June

_____

[1] The court noted that Plaintiff had attached to his Complaint an order of dismissal from the Multnomah
County Board of Property Tax Appeals, mailed February 20, 2015, stating that Plaintiff's petition of Account
R169525 had been defective for failure to supply a requested real market value. Plaintiff has not alleged that the
board dismissed that appeal in error, or that he had in fact requested a real market value from the board.

1, 2015, to file a written response to Defendant's Motion and to identify good and sufficient cause, if any, for his failure to timely pursue the statutory right of appeal for the 2012-13 through 2014-15 tax years." (Order at 3-4.) The court noted that "Plaintiff's failure to file a written response by June 1, 2015, will result in dismissal of Plaintiff's appeal." (*Id*. at 4.)

To date, Plaintiff has not filed a response to Defendant's motion to dismiss.[2] Without a showing of good and sufficient cause, the court lacks jurisdiction to consider Plaintiff's appeal of tax years he did not timely appeal to the board of property tax appeals. *See Seifert v*. *Dept. of Rev*., 14 OTR 401, 404-05 (1998) (court lacks authority to order change to tax rolls under such circumstances). Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ___ day of June 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*THIS DOCUMENT WAS FILED AND ENTERED ON JUNE 25, 2015.*

---

[2] The court received, but did not file, a letter from Plaintiff on May 13, 2015. That letter could not be filed because it did not indicate that a copy had been sent to Defendant as required by Tax Court Rule – Magistrate Division 5. Court staff called Plaintiff on May 15, 2015, and spoke with him regarding the need to send the court written evidence that Defendant had been provided with a copy of the letter. Since then, the court has not received a certificate of service or any other written communication from Plaintiff.