IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

WLL P.C., an Oregon Professional Corp., )
and WILLIAM L. LEWIS, President )
)
Plaintiffs, ) TC-MD 170258N
)
v. )
)
MARION COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**[1]

This matter came before the court on Defendant's motion to dismiss (motion) made in its

Answer, filed August 10, 2017.

Plaintiffs filed their Complaint on July 13, 2017, appealing personal property taxes

assessed for tax years 2015–16 and 2016–17. At the case management conference held

August 28, 2017, Plaintiffs acknowledged that their appeal of tax year 2015–16 was untimely

and withdrew their appeal of that year. After the case management conference, the parties filed

additional written arguments on Defendant's motion to dismiss tax year 2016–17. Plaintiffs filed

their Response: To Answer and Motion to Dismiss (Response) on September 18, 2017, and

Defendant filed a reply to Plaintiffs' Response on September 27, 2017. This matter is now ready

for decision.

Defendant asks the court to dismiss Plaintiffs' appeal of tax year 2016–17 for two related

reasons. The first reason is that Plaintiffs failed to appeal their 2016–17 property tax assessment

to the board of property tax appeals (BOPTA). In general, a taxpayer who is dissatisfied with

their property tax assessment may appeal by filing a petition with BOPTA before December 31

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered
October 25, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision
of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

of the year in which the relevant property tax statement is issued. *See* ORS 309.100.[2] An unsatisfactory order of BOPTA may then be appealed to the Magistrate Division of this court. ORS 309.110(7). If a taxpayer does not appeal to BOPTA, however, then no appeal to this court under ORS 305.275 is allowed. *See* ORS 305.275(3) ("If a taxpayer may appeal to [BOPTA] under ORS 309.100, then no appeal may be allowed under this section. The appeal under this section is from an order of [BOPTA] * * *.")

Plaintiffs acknowledge that they did not appeal to BOPTA for the 2016–17 tax year. (Response at 2.) As a consequence, Plaintiffs cannot now appeal to this court under ORS 305.275. Relatedly, Plaintiffs' argument that their appeal was timely under ORS 305.280(1) is misplaced. ORS 305.280(1) describes the time for filing an appeal under ORS 305.275(1) and (2). However, for the reasons stated above, no appeal under ORS 305.275 is allowed in this case.

In limited circumstances, a taxpayer who has failed to appeal to BOPTA may find an alternate route to relief under ORS 305.288. The court may grant relief under that statute for the current and two immediately preceding tax years if the taxpayer has "no statutory right of appeal remaining" and can show "good and sufficient cause" for their failure to pursue the statutory right of appeal.[3] ORS 305.288(3). This leads to Defendant's second reason for dismissal: Plaintiffs have not demonstrated good and sufficient cause for their failure to appeal to BOPTA—their statutory right of appeal.

Good and sufficient cause is limited to "an extraordinary circumstance that is beyond the control of the taxpayer" that causes the taxpayer "to fail to pursue the statutory right of appeal."

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[3] ORS 305.288(1) provides an alternate route for appeals concerning residential property that is not applicable here.

ORS 305.288(5)(b)(A).  Good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."  ORS 305.288(5)(b)(B).

Plaintiffs' given reason for failing to appeal sooner is that they did not discover the error until June 2017, thus making a timely appeal to BOPTA impossible.  (Response at 2.)  That explanation does not amount to "an extraordinary circumstance" beyond Plaintiffs' control.

Businesses having taxable personal property are required to file a return by March 15 of each year.[4]  *See* ORS 308.290.  If a taxpayer fails to file a required return, then the assessor will place a value on the rolls using the best available information.  ORS 308.290(6); OAR 150-308-0410(5).  A written statement of property taxes must be mailed to taxpayers by October 25 of each year.  ORS 311.250.  It is the responsibility of the taxpayer to review their property tax statement for errors and, if necessary, appeal to BOPTA.  *See Taft Church of Evangelical Church of N. Am. v. Dept. of Rev.*, 14 OTR 119, 122 (1997) (explaining that in the property tax system it is incumbent on the taxpayer to "audit" the government's records within the applicable time limit.)

Plaintiffs did not timely file a personal property tax return for tax year 2016–17, which resulted in the assessment at issue here.  Plaintiffs had the opportunity to challenge that assessment by appealing to BOPTA, but failed to do so.  Plaintiffs have not pointed to any extraordinary circumstance beyond their control that would explain their failure to pursue an appeal to BOPTA.  Whether Plaintiffs' failure to discover Defendant's alleged error is "viewed

---

[4] If the assessed value of personal property falls below a statutory threshold, then the assessor must cancel the assessment.  *See* ORS 308.250(2)(a).  The taxpayer must continue to file a personal property return in the years following cancellation of assessment, but the taxpayer is not required to provide detailed information regarding the property.  *See* ORS 308.250(3); Oregon Administrative Rule (OAR) 150-308-0410(3).

as lack of knowledge, oversight or inadvertence, it does not qualify as 'good and sufficient cause.' " *Seifert v. Dept. of Rev.,* 14 OTR 401, 404 (1998). Consequently, the court is unable to grant relief to Plaintiffs under ORS 305.288(3).

The allegations in Plaintiffs' Complaint, supplemented by Plaintiffs' Response, do not provide a basis on which the court may grant relief. This court has recently explained that, under such circumstances, dismissal for failure to state ultimate facts sufficient to constitute a claim is appropriate. *See Work v. Dept. of Rev.*, __ OTR__ (July 20, 2017) (slip op at 9–11). Defendant moved to dismiss on that basis. Defendant's motion to dismiss is granted. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.

Dated this ___ day of November 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on November 14, 2017.*