IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

O STATE 25TH, LLC,                        )
                                          )
            Plaintiff,                    )     TC-MD 170266G
                                          )
      v.                                  )
                                          )
BENTON COUNTY ASSESSOR,                   )
                                          )
            Defendant.                    )     **FINAL DECISION**[1]

On the taxpayer's summary judgment motion, the court considers whether ORS 311.205 permits a county assessor to add value to a property tax account that was mistakenly placed on the tax roll with an adjacent property's lower value.[2] Plaintiff (O State) appealed from the addition of value and tax by Defendant (the assessor) to property identified as account number 095533 (the subject) for the 2016–17 tax year.

## I. STATEMENT OF FACTS

The relevant facts are not in dispute. The subject was a four-unit student housing complex. (Stip Facts, ¶ 5.) Construction of the subject and an adjacent property was carried out simultaneously and was newly completed before the assessment date for 2016–17, the tax year at issue. (*Id*., ¶¶ 3, 7.) The adjacent property was quite similar to the subject except that the adjacent property had only three units. (*Id*., ¶¶ 5–6; Ex J at 1–2.)

"On or about March 2017 [the] assessor discovered a mistake and switch in identity of characteristics of the two properties * * *." (Stip Facts, ¶ 4.) The subject was mistakenly carried on the tax roll as having three units. (*Id*., ¶ 5.) The adjacent property was mistakenly carried on

_____

[1] This Final Decision incorporates without change the court's Decision, entered March 8, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the tax roll as having four units. (*Id.*, ¶ 6.) Upon discovering the mistake, the assessor stipulated to the reduction of the adjacent property's 2016–17 real market value from $1,749,604 to $1,230,000 by the Benton County Board of Property Tax Appeals (BOPTA). (*Id.*, ¶ 9.) The original improvements real market value placed on the adjacent property's account was $1,475,176. (Def's Ex C at 1.)

On April 17, 2017, the assessor visited the subject. (Ptf's Mot Summ J at 4; Ptf's Ex 14; Def's Response at 4.) Two days later, the assessor sent O State a clerical error notice. (Stip Facts, ¶ 10.) That notice stated the assessor's intent to increase the subject's 2016–17 real market value from $1,240,198 to $1,749,605 and provided the following explanation: "New multi family unit was valued incorrectly." (Ptf's Ex 1.) The notice indicated that the subject's land value would not be increased and that its improvements value would be increased from $1,004,968 to $1,514,375. (*Id.*) In addition, the subject's assessed value was to be increased. (*Id.*) A subsequent letter from the assessor, dated May 9, 2017, confirmed that additional value had been added to the subject as stated in the clerical error notice. (Ptf's Ex 2.)

O State asks that the court order the assessor to remove all additional values and taxes imposed on the subject under the clerical error statute. The assessor opposes O State's summary judgment motion.

## II. ANALYSIS

The issue before the court is whether the error on the assessment and tax roll was correctable under ORS 311.205(1). On a motion for summary judgment, the court will grant relief where "there is no genuine issue as to any material fact and * * * the moving party is entitled to prevail as a matter of law." TCR 47 C.[3]

---

[3] Tax Court Rules (TCR)

A county official's authority to change the assessment and tax roll is limited after the roll has been certified by the assessor to the tax collector. ORS 311.205(1) permits the correction of clerical errors as well as other errors not involving "valuation judgment." Authority to correct errors in valuation judgment is restricted. Such an error may be corrected only during the pendency of an appeal to this court, and then only if the correction reduces the tax owed on the account. ORS 311.205(1)(b)(A).

Correcting an error in valuation judgment "requires that the officer exercise judgment to determine the value, formulate an opinion as to value, or inquire into the state of mind of the appraiser." OAR 150-311-0150(1).[4] Errors in valuation judgment include not only mistakes about physical features—such as "[t]hinking that a house has a basement when it does not"—but also mathematical and calculational errors. *Id.* Some mathematical and calculational errors are not merely "clerical" because they are intermediate steps in reaching a value opinion for which the appraiser may have compensated at another stage of the analysis: "The figures may be wrong but the assessor's judgment of the parcel's value may be right." *Id.* For the same reason, in cases of doubt any error is considered an error in valuation judgment:

> "If it is unclear whether an error or an omission on the roll is a clerical error or an error in valuation judgment, the error or omission on the roll shall be considered an error or omission in valuation judgment. For example, an error in acreage or square footage in the appraiser field notes or a failure to value or list a component upon physical reappraisal may not be corrected because the error may not necessarily have resulted in an error of real market value as finally determined and carried to the assessment and tax roll."

OAR 150-311-0150(2).

Here, the subject was valued as a three-unit building when in fact it had four units. On its face, this case resembles the situation where an appraiser thinks a house has a basement when it

---

[4] Oregon Administrative Rules (OAR)

does not: the valuation was based on a mistake about the property's physical features. If the appraiser made the mistake, this would be clear error in appraiser judgment and ORS 311.205(1) would not permit the assessor to increase the subject's value on the tax roll.

The assessor argues that the error at issue is instead a clerical error. "Clerical errors are those procedural or recording errors which do not require the use of judgment or subjective decision making for their correction." OAR 150-311-0140(1). There are three statutory conditions a clerical error must satisfy, only one of which is disputed here: a clerical error is an error on the roll "[f]or which the information necessary to make the correction is contained in the records." [5] ORS 311.205(1)(a)(A)(iii). Thus, a clerical error is "apparent from assessor office records without speculation or conjecture, assumption or presumption, and * * * is correctable without the use of appraisal judgment or the necessity to view the property." OAR 150-311-0140(1). An error is not correctable as a clerical error if "[t]here is no way to determine from looking at the records that an error even exists." *Seifert v. Dept. of Rev.*, 14 OTR 401, 403 (1998).

The placement of the value of improvements on the wrong account may be a clerical error. The assessor relies on the following example from OAR 150-311-0140.

> "Example 1: 'A' owns a parcel of land with a house on it. 'A' divides the land and sells part to 'B,' but retains that part of the land with the house. The assessor places the value of the house on 'B's' land. The value of the house was

---

[5] ORS 311.205(1)(a)(A) describes a clerical error:

"A Clerical error is an error on the roll:
   (i)(I) That arises from an error in the ad valorem tax records of the assessor, or the records of the Department of Revenue for property assessed under ORS 306.126; or
   (II) That is a failure to correctly reflect the ad valorem tax records of the assessor, or the records of the department for property assessed under ORS 306.126;
   (ii) That, had it been discovered by the assessor or the department prior to the certification of the assessment and tax roll of the year of assessment, would have been corrected as a matter of course; and
   (iii) For which the information necessary to make the correction is contained in the records.

placed upon the wrong tax lot. It was not, in the words of 311.207 'from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls …' It's on the roll but on the wrong account. Thus, the property was never actually omitted from the roll but clerically placed on the wrong parcel of land.

"This comes within the definition of clerical error because it can be corrected solely from the records of the assessor as these records reflect the correct situation which, if discovered by the assessor before certification of the assessment and tax roll, would have been corrected as a matter or course and is correctable without the use of appraisal judgment or the necessity to view the property."

In the above example, the assessor's records "reflect the correct situation." The example does not provide the specific record that reflects the house's correct tax; perhaps it is the deed by which "A" transferred the land.

The present case would resemble the example from the rule if the value of the subject's improvements had simply been placed on the adjacent property's tax account. In that case, there could be a factual question as to whether the assessor's records reflected the "correct situation" and whether the assessor's visit to the subject was of "necessity." [6] If the improvement value was on the wrong account but it was not possible to determine which was the right account from the records alone, a clerical error correction could not be made because the records would not contain all the "information necessary to make the correction." *See* ORS 311.205(1)(a)(A)(iii).

As matters stand, the *value* of the subject's improvements was not placed on the adjacent property; rather, the *characteristics* of the subject's improvements were used to value the adjacent property and vice versa. This is not a case of a scrivener placing the improvements value intended for the subject on the adjacent property. The improvements value originally certified by the assessor for the adjacent property was $1,475,176. The improvements value now

---

[6] "Could be" a factual question because O State challenges whether the allegations in the assessor's brief suffice to create a genuine issue of material fact. The court need not decide the point.

placed on the roll for the subject property is $1,514,375. The numbers do not match. Nothing in the record before the court indicates that the latter number was present in the assessor's records before the correction was made. The conclusion to be drawn is that the assessor made a valuation judgment that a four-unit complex was worth $39,199 more on the subject's land than it was on the adjacent property's land.[7]

The assessor notes in its brief that because the subject is new construction, its maximum assessed value "will be misstated and incorrect for the economic life of the property's improvements" unless the court upholds its correction. The assessor therefore finds itself in the position of taxpayers who discover errors in their tax assessments too late to appeal them. Such errors are regrettable. However, the legislature has given a timeframe in which the various interested parties must act to ensure the rolls are correct. The assessor's error was one in valuation judgment, and ORS 311.230(1) does not provide authority for its correction.

### III. CONCLUSION

The undisputed facts show that the improvements value placed on the subject's account was not found in the assessor's records and was the result of valuation judgment. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

---

[7] The assessor places weight on the fact that the subject's total real market value after correction approximately equaled the adjacent property's total real market value before correction. Given the differing land values found by the assessor for the two parcels, the correspondence of the two total values is not evidence that the subject's corrected improvements value could be found anywhere in the records.

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is granted.

Dated this ___ day of March, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on March 27, 2018.*