IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

WOODY FAMILY PROPERTIES, LLC )
and ALVIN R. WOODY, )
  )
     Plaintiffs, ) TC-MD 200188N
  v. )
  )
JACKSON COUNTY ASSESSOR, )
  )
     Defendant, )
  )
  and )
  )
DEPARTMENT OF REVENUE, )
State of Oregon, ) **ORDER DISMISSING PLAINTIFFS'**
  ) **APPEAL OF THE 2014-15 THROUGH**
     Defendant-Intervenor. ) **2018-19 TAX YEARS**

This matter came before the court on Defendant-Intervenor's (the department) Motion for

Reconsideration (Motion), filed April 15, 2021, requesting that the court reconsider its Order on

Defendant's Motion for Summary Judgment, entered January 21, 2021. Plaintiffs filed their

response on May 17, 2021, and the department filed its Reply on May 28, 2021. Plaintiffs object

to the department's Motion because it was not filed within a reasonable time under Tax Court

Rule – Magistrate Division 18 B and Tax Court Rule (TCR) 80.[1] (Ptfs' Resp at 3.) The

department responds that its Motion was timely filed in accordance with the briefing schedule set

by the court during the case management conference held March 18, 2021, and that the

/ / /

/ / /

---

[1] TCR 80 requires motions for reconsideration to be submitted within 20 days of the order. However, that provision is not applicable in the Magistrate Division. TCR-MD 18 C (providing that "the provisions of TCR 80 are inapplicable in the Magistrate Division.")

ORDER DISMISSING PLAINTIFFS' APPEAL OF THE 2014-15 THROUGH 2018-19 TAX
YEARS  TC-MD 200188N            1

court has authority to extend procedural deadlines under TCR 15 D.[2] (Inv's Reply at 2.) The court agrees with the department and proceeds to consider its Motion.

A.    *Basis for the Department's Motion, Requested Relief, and Standard for Reconsideration*

The department seeks reconsideration of the court's conclusion that Defendant (the county) had authority the correct the tax roll for the 2014-15 through 2019-20 tax years under ORS 311.205. (Inv's Mot at 1-2.) First, the department moves to dismiss Plaintiffs' appeal for the 2014-15 to 2018-19 tax years because ORS 311.205 does not create an affirmative appeal right for taxpayers and, even assuming the error in question is one of valuation judgment, both the county and the court lack authority to correct it because Plaintiffs' appeal was untimely. (*Id.* at 2-4). Second, the department renews its request for summary judgment with respect to the 2019-20 year, which was timely filed, arguing that any error in the 2006-07 maximum assessed value (MAV) is no basis for changing for the 2019-20 MAV, which was correctly calculated based on the 2018-19 MAV. (*Id.* at 4-7.) The department asks the court to grant the county's Motion for Summary Judgment for all tax years under appeal. (*Id.* at 7.)

A motion for reconsideration must be based on "reasons of mutual mistake, inadvertence, excusable neglect, or misconduct of another party." TCR-MD 18 B.[3] Here, the department argues that the court should dismiss Plaintiffs' appeal for failure to state a claim for relief under ORS 311.205, an argument not made in the prior motion or, alternatively that the court erred in denying the county's motion for summary judgment. In its Motion for Summary Judgment, the

---

[2] Magistrates have authority to establish briefing schedules on motions that differ from the default deadlines set forth in court rules. *See* TCR-MD 7 D(1) (providing response deadlines to motions filed after the case management conference, "unless otherwise specified by the court").

[3] TCR 80 A provides that a motion to reconsider should be based on factual error or changes in the law but that "[c]laims addressing legal issues already argued in the parties' briefs and addressed by the court are disfavored."

county did not argue that Plaintiffs lacked a right of appeal under ORS 311.205.[4]  Rather, the county acknowledged that an "error" occurred in 2006 and argued that it could not be corrected because it was due to "appraiser judgment." (Def's Mot for Summ J at 2.)  Thus, the court in its prior Order analyzed whether the county could make a correction under ORS 311.205, given its admission that an error existed on the roll.  The court did *not* decide whether Plaintiffs had a right to appeal under ORS 311.205.  Upon concluding that the county had authority to make a correction under ORS 311.205, the court did not order the county to make a correction, but rather gave the parties additional time to confer and determine if they could reach a settlement.  The parties were unable to do so and it now appears the county has changed its view of whether an error exists on the roll.[5]

To the extent the department alleges that the court erred its prior Order, its remedy is to appeal from the court decision.  *See* ORS 305.560(5)(d).  Because the department raises a new argument not raised in the prior motion the court interprets the department's motion to reconsider as a motion to dismiss for failure to state a claim for relief.[6]  That defense is not waived even if not raised in the first responsive pleading, so the court considers it now.  *See* TCR 21 G(3).

/ / /

/ / /

/ / /

---

[4] Nor did the county raise the issue in its Answer.  It stated that it "believe[d] that Oregon property tax law does not allow for reaching back to 2006 to make a tax roll correction" and requested dismissal.  (Ans at 1.)

[5] The department wrote that the county "disagrees that an error occurred[.]" (Inv's Mot at 4.)

[6] The court also notes that there are significant differences, not relevant here, between a motion to dismiss and a motion for summary judgment.  Typically, a motion for summary judgment is a request for the court to rule on the merits based on an established factual record (either through stipulated facts or exhibits and declarations).  By contrast, on a motion to dismiss, the court must view all allegations in plaintiff's complaint as true and typically is not based on a factual record. *See e.g. Hoyt St. Properties v. Dept. of Rev.*, 18 OTR 313, 314 n 1 (2005); TCR 21.

B.      *Whether Plaintiffs May Appeal Under ORS 311.205*

The department acknowledges that ORS 311.205[7] "grants the assessor the discretion to correct certain errors on the roll for the last five years," but argues that it "does not create an affirmative appeal right for taxpayers." (Inv's Mot at 2.) In support of its reading of the statute, the department cites *Zervis v. Dept. of Rev.*, 20 OTR 79 (2010). (*Id.* at 2-3.) In *Zervis*, the taxpayers asserted "that the right of the county to look back five years for a clerical error under ORS 311.205 should be a right afforded to taxpayers." 20 OTR at 85. The court disagreed:

> "ORS 311.205(2)(a), the subsection of the statute that includes the five-year look-back timeframe, is for use by the officer in charge of the tax roll based on directives from the department or the assessor and not a basis for relief to taxpayers. Taxpayers are not entitled to relief on appeal to the Tax Court under ORS 311.205."

*Id.*

The text of ORS 311.205 supports the department's contention that the statute authorizes a county assessor to make certain corrections but does not require it. The statute describes types of errors that may or may not be corrected by the officer in charge of the roll. ORS 311.205(1). It requires the officer to make such corrections with the "assent and concurrence of the assessor or the department" and at their written direction. ORS 311.205(2). The statute does not identify a process by which taxpayers may request a roll correction, though presumably an assessor or the department could make a correction upon learning from a taxpayer that an error exists.

The statutes providing for a taxpayer appeal or other remedy do not indicate an appeal right under ORS 311.205 except where the assessor had made a roll correction that increases the assessment. When a correction is made under ORS 311.205 that increases the taxes due, the county must give notice as provided in ORS 311.216 to 311.232, which apply "with respect to

---

[7] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

appeals * * * under this subsection." ORS 311.205(4). In turn, ORS 311.223(4) allows "any person aggrieved by an assessment made under ORS 311.216 to 311.232 [to] appeal to the tax court within 90 days after the correction of the roll * * *." Thus, the appeal authorized under ORS 311.205 is from an assessment and roll correction. The statutes do not authorize an appeal by a taxpayer to compel the assessor to make a correction. By contrast, ORS 311.232 permits a mandamus action to compel the assessor to add omitted property to the tax roll upon discovery or receipt of credible information that property has been omitted from taxation.

In a few prior cases, this court has allowed a taxpayer to appeal under ORS 311.205 but ultimately decided that the alleged error did not qualify as "clerical." *See Su v. Dept. of. Rev.*, 15 OTR 305 (2001) (denying taxpayers' appeal under ORS 311.205 because the error at issue was not clerical); *see also Seifert v. Dept. of Rev.*, 14 OTR 401 (1998) (denying taxpayers' appeal under ORS 311.205 because the error at issue was not clerical). In each case, the assessor agreed that an error existed but disputed whether the error was correctible under ORS 311.205. The court in those cases did not expressly address whether ORS 311.205 granted taxpayers a right of appeal, so it may be that the issue was not raised by the defendant.

The department now asserts that Plaintiffs may not appeal under ORS 311.205 and the court agrees based on the text and context of the statute, as well as the ruling in *Zervis*. The court grants the department's request for dismissal and dismisses Plaintiffs' appeal of the 2014-15 through 2018-19 tax years, in addition to the years previously dismissed. Having concluded that those tax years must be dismissed, the court need not consider the department's additional arguments as to the prior years.

/ / /

/ / /

C.    *Plaintiffs' Appeal of the 2019-20 Tax Year*

Defendants concede that Plaintiffs appeal of the 2019-20 tax year is timely, although they dispute that a MAV correction may be made under ORS 311.205 or any other statute for that year. (Def's Ans at 1; Inv's Mot at 4.) Plaintiffs did not challenge the 2019-20 real market value (RMV), writing that they "have not had an issue with RMV since learning that MAV is not linked to RMV." (Compl at 5.) For the 2019-20 tax year, the subject property's RMV was $1,101,730 and its MAV was $1,134,780. (*See id.* at Ex M.) This means Plaintiffs' assessed value (AV) was its RMV. (*See id*.) Any reduction in the 2019-20 RMV would reduce the 2019-20 AV. *See* ORS 308.146(2) (providing that AV is the lesser of RMV or MAV). If Plaintiffs wish to challenge the 2019-20 RMV, they may file an amended complaint alleging a 2019-20 RMV. Plaintiffs' failure to amend their Complaint alleging a RMV reduction for the 2019-20 tax year, will result in dismissal of their appeal.

D.    *Conclusion*

Upon careful consideration, the court agrees with the Department that ORS 311.205 does not afford taxpayers a right to appeal to compel the assessor to correct the tax rolls. The only appeal permitted is from a roll correction and assessment. Accordingly, Plaintiffs' appeal of the 2014-15 through 2018-19 tax years is dismissed. Plaintiffs timely appealed the 2019-20 tax year and may challenge the 2019-20 RMV if they wish to do so. Now, therefore,

IT IS ORDERED that the department's Motion for Reconsideration is denied.

IT IS FURTHER ORDERED that the department's request for dismissal is granted. Plaintiffs' appeal of the 2014-15 through 2018-19 tax years is dismissed.

/ / /

/ / /

IT IS FURTHER ORDERED that Plaintiffs may, within 30 days from the date of this Order, file an amended complaint alleging a 2019-20 RMV.

Dated this ___ day of July 2021.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on July 26, 2021.*